The next case call for argument is Gene Taake v. The County of Monroe. Counsel, whenever you're ready. May it please the court. Counsel, my name is Tim Gutzknecht. I'm with the law firm of Crowder and Scoggins. We represent the plaintiff in this case, Gene Taake. My client and his family are here today. This is an appeal from a grant of summary judgment to defendant based on a finding by the trial court that there was no contract between my client and the defendant. That finding was erroneous and improper. The standard review for this case is de novo, so that finding by the trial court is, as you know, entitled to absolutely no deference whatsoever. The court here is well aware of what the rules are when there's summary judgment motion. There must be absolutely no genuine issue of material fact. And the court must not try to resolve disputed factual matters. In short, my client was entitled to every benefit of the doubt, and my client did not get that benefit of the doubt in this case. In order to grant summary judgment in this case, the trial court had to ignore the existence of certain items of evidence. The main item of evidence that I would like to point the court to is a statement by one of the Monroe County commissioners. Monroe County has three commissioners that sit on the board. And in the minutes that are on page 11 of the appendix to our brief, it states, Commissioner Hodrick said the board entered into a contract accepting Mr. Taki here, and he has 90 days to work with the city of Waterloo on zoning. You're not saying that one board member making that statement is a binding decision by the board? I am not saying that at all. And in fact, the defendant has tried to make our argument out to be that just because one commissioner said that, that they're bound. I'm not saying that at all. I understand that Monroe County has to act as a board, but what I'm pointing to this statement is, this is a statement later on in the record, in the defendant's own minutes, where one of the three people who's voting on the various things that have happened states publicly, hey, we've got a contract with him and it's binding and we're going to be held to it. So while that statement itself doesn't bind the county, that is evidence that the county had in fact accepted my client's bid in this case. What you're saying is it creates a question of fact. Absolutely, Your Honor. It's an admission against interest by one of the three people voting on this, and the minutes do not reflect that anyone else present stood up and said, no, I disagree with you. Prior to the summary judgment motion, did you take that commissioner's deposition to find out what he meant by that? No, we have not. Was there anything that prevented you from doing that? In other words, we know that him saying that at that meeting does not bind the county. You're saying it's evidence that you want to explore further in some way to determine why didn't he do that before the summary judgment motion? Well, first off, the summary judgment motion came fairly early in the proceedings. Almost no discovery has been done. But secondly, I've got his statement here, and he has in fact now executed an affidavit saying, well, there was no contract. That's all well and good. So was that before the summary judgment motion, the same commissioner executed an affidavit saying that there really wasn't a contract? I believe so. I believe that that affidavit was executed while this case was still in federal court. So then what is there for us to believe that there's evidence anywhere of official county board action accepting the bid? Because the minutes and the actions of the county board are all consistent with an acceptance of the bid. First off, after my client submitted the only bid, the first thing they did was they voted to waive a rezoning bond requirement. What that is, is my client was going to seek rezoning, although I should note that his bid says he wanted the property, whether he got it rezoned or not. But under the terms of the bid, he was supposed to post a rezoning bond. They voted to waive that. Now, under their own terms, that requirement of that bond does not arise until his bid is preliminarily accepted. Well, didn't that resolution also include language that indicated the contract had not yet been accepted, that this was a conditional step towards an ultimate resolution of the contract? It did include that, but I don't even have to rely on that by itself. Later on, there's another bond that had to do with asbestos mitigation. And the official reason for denying his bid turned out to be you didn't post that bond. Well, the requirement of that bond could not have arisen until five days after his bid was accepted. So once again, they're saying you're not doing something you're supposed to do under this contract. How can they have that on one side and then on the other side say, oh, no, by the way, there is no contract? You can't have it both ways. So their actions all along indicated that, look, it's the only bid, we're moving forward on this, and we're going to start requiring you to do things that we can only require you to do if your bid's been accepted. Now, I'm not saying that this evidence is overwhelming and we have a 100 percent chance of winning a trial, but what I am saying is with Commissioner Hodrick's statement, with them requiring two different bonds from my client that they could not require in the absence of acceptance of a contract, that's pretty good evidence that the parties came to an agreement and were proceeding forward toward closing on a contract. It wasn't up to the trial court in this case to weigh that evidence and say, well, that's outweighed by this, that's outweighed by that. No, the question is, is there any evidence? And there is evidence. Commissioner Hodrick's statement at a minimum is an admission against interest. And, yeah, we don't have his deposition, but at trial he may testify, no, there was no contract, but then he will have to try and explain to the jury, why did you say there was a contract? Why did you say that you felt the board will be held to the contract? Those are his exact words, and that may be hard for him to do. But it wasn't, we didn't get that far. The trial court didn't give us our day in court for him to even try and explain that. The trial court said, no, there's no contract here, and that was erroneous. Your appendix doesn't include the complaint. It includes exhibits to the complaint. And I haven't seen the record yet. But what's the theory? Is your theory just straight-up breach of contract? Straight-up breach of contract. I mean, there's no claim that by partial he was led to believe that it had been accepted through these? We're saying it's a breach of contract. If the contract was accepted, we started moving forward, they started moving forward, they found another buyer and came up with this, you failed to post this rezoning bond, or not rezoning bond, the environmental bond, so we're going to cancel this and sell it to someone else. Okay, you allege that the bid was accepted. Yes, we did. And what's the evidence of that? I mean, there is no, you agree, there is no formal action, ordinance or resolution, or anything like that saying we accept the bid. I would submit to the court that the vote to require the two bonds is a de facto vote to accept the bid and move forward. Now, the trial court cited two cases saying, hey, no, there had to be a formal resolution and all that, and the two cases cited by the trial court don't say that. One of them is County of Stevenson. That just requires that it's a board action rather than individual commissioner actions, as we've already talked about in response to the question. We're not saying, you know, we're not saying that just because one commissioner or two commissioners said it, it is. We're saying the whole board voted to require these bonds, and there was another thing, by the way, in the terms of the contract, and that is all bids were to be acted on within 30 days. That was their term. And yet this purported rejection of my client's bid occurred several months later. So once again, it looks like everyone's moving forward, having accepted the bid and heading toward closing. The other case cited by the trial court was Western Sand and Gravel, which says that you have to look to the official record. Well, one, we are looking at the official record here. We don't need parole evidence. There is evidence in the minutes and in the letters issued by the board. But I would note that the Western Sand and Gravel case, the official record binds the government in that case. It didn't bind a third party in that case. And the parole evidence that was offered in that case was testimony of the commissioners, not of a third party. Actually, that involved a municipality, not even a county, so it shouldn't even apply here. And frankly, it shouldn't be applied to Mr. Taki. A defendant will most likely make an argument saying, hey, because the minutes don't come out and very clearly say, yes, we accept the bid, that's it, you've lost. Well, here's the problem. They control the minutes. We have absolutely no control over what goes in there. And, in fact, as you'll note from the briefs, we claim that there's actually some stuff that's missing from the minutes. But they control the minutes. We don't control the minutes. So we can't make the minutes reflect what we heard and what we saw take place. When it was ultimately resolved that this would go to the city of Waterloo, there was an actual resolution signed by all the commissioners, including the one who had originally said on the record that there was a contract, is that correct? That's correct. Well, maybe they did it right that time. Maybe they learned their lesson. I don't know. But my point is, these cases that were cited by the trial court involved holding the government to what's in the minutes, not holding the third party. And it wouldn't be fair to hold the third party to what's in the minutes because we have, like I said, absolutely no control over what's in there. On the other hand, because they do, statements such as Commissioner Fodry's that appear in the minutes should be construed most strictly against them because these are minutes they approved. They created and they approved. So if there's an admission in there, that should be held strictly against it. But just the fact that there wasn't more in the minutes isn't our fault. We have no control. But I submit to the court there's enough here in the minutes that there should not have been something done. It should have proceeded through discovery to trial so that we'd have an opportunity to have Commissioner Hodgkin on the stand trying to explain away his own statements and have the rest of the county board commissioners explain how they were requiring bonds that could not, requirements that could not have arisen in the absence of a contract. You know, if it looks like a contract and quacks like a contract, it is a contract. And there are no cases that say specifically you have to have absolutely clear language in a binding resolution in the minutes, if there's enough in the minutes to bind them to it. And I point out for the court to this. Let me ask you a question here because you talked about the acceptance at one point. There was an offer, written offer, and no bond requirement arose until preliminary acceptance, right? For one of the bonds, it wasn't until preliminary acceptance. For the other one, it was five days after acceptance. The word preliminary isn't there for that. Why would they be different? There are two different paragraphs in the, one of them is paragraph eight. That's the one that uses the term preliminary acceptance. But the other bond that they later require from them is in paragraph 16, and it does not use the modifying word preliminary. So are you saying that preliminary acceptance is equal to acceptance? I would do that here. It, I mean, it looks rather obvious that the terms of the bid drafted by Monroe County weren't drafted by an attorney who was very careful about contract language. I will say that. But the second one, there's no word preliminary, and it says five days after acceptance. Right. So that one, that one removes that doubt. You know, these are all admissions that should have been strictly construed against the defendant in this case. You know, it's not a level playing field, as the court knows, when you're dealing with a government entity. And there are good policy, good and sound policy reasons why it isn't a level playing field, because the government represents the people. That's fine. But on the other hand, in a motion for sermon judgment, the playing field isn't supposed to be level either. It's supposed to be in favor of the party bringing the action. And in this instance, we didn't get that part of the unequal playing field. And in case the court has any concerns, even though this motion wasn't decided on the grounds of statute of frauds, and so it really isn't relevant, of course, in case the court has any concerns about that, there are no disputes about what the contract terms are. The county said in several cases, here's what the terms will be. They give you a blank to fill out with your price, basically. So there's no question what the terms are of this contract. The only issue that the trial court decided is that there was no contract. And that cannot stand here. It comes down to this. When defendant admits making demands of my client that it could not make in the absence of accepting his bid, and when you have the statement of Commissioner Hodrick in the minutes saying, hey, there is a contract, we will be held to this in court, you just can't have summary judgment. It's inconceivable. It can't stand because there is a disputed issue of that. Does the court have any questions for me? I don't believe we have any more. Then we would ask the court to reverse the finding of summary judgment in favor of the County of Monroe and send this case back to the trial court so that it may proceed through discovery and litigation. Thank you. Thank you, Counsel. Counsel? May it please the Court. My name is Brian Chrysler. I'm with the law firm of Beckman, Paulson, Horner, Thompson, and Velma. I represent Monroe County, the upper league. The defendant's, or the plaintiff's, argument is basically that you should look at what happened outside the official minutes of the board and decide if there is an issue with that. However, not only was there no official action of the board, as Justice Fulmer said, there has to be some kind of official, be referred to as official action. There is no official action. There's no vote. There's no resolution. There's no ordinance. There's nothing in the minutes of the board to reflect any kind of official action. And it just doesn't work against the government, as the plaintiff indicated. It also works against private parties. In the O'Malley v. Powell's Park case cited in our brief, it's a 1st District case, the plaintiff tried to argue that the city council accepted the development plan, and the court, looking at the minutes of the board, found that there was no acceptance of the development plan and decided that there was no contract. It works the same way in this case. It works both ways. The minutes of the board are the best evidence of any action on the board. There's no resolution that has been passed. And it's undisputed that there was no vote. There is an argument that the plaintiff makes that there was some kind of de facto acceptance because of the preliminary conditions that were imposed. That's just negotiation. That's just setting aside, explicitly setting aside the acceptance of the bid and putting it in the resolution setting aside acceptance of the bid and stating, look, let's work together, let's figure out if we can make this happen, but we're not going to accept the bid. And they explicitly made that clear in the official minutes of the board. They were not going to accept the plaintiff's bid until there were some conditions that were satisfied. Does that equal contract? Absolutely not, because there's no official action on the board. Now, the Monroe County sent out an invitation for bids. It wasn't an offer. I think it's relatively clear from the language of the invitation that they were looking for bids to purchase or for somebody to purchase this Monroe County nursing home property. The defendant, Monroe County, never made an offer. And Mr. Taki submitted a bid, and that bid was never accepted. Now, with respect to control of the minutes, the county clerk is a separate elected official. He has a duty to be back here at minutes. He has a duty to attend the board meeting. And he's an independent elected official that takes control of writing these minutes. So it's not the commissioners that are, you know, drafting these minutes and keeping control. It's a separate office of government that has taken an oath to keep these minutes in the most accurate fashion possible. That's about all the argument I have for the board, unless the board has any questions. Is there any way that the comments of Commissioner Hodrick can in any way bind the board or preclude the board from taking contrary action? I would direct the court to the Stevenson County case that's cited in our brief that basically states that all commissioners have to be acting together to bind the board to official action, and official action is passing a resolution or passing an ordinance or voting on something. And there was nothing of that in this situation. Thank you, Counsel. Counsel? In response to your last question, Your Honor, we freely admit we cannot go to trial in this case and argue to the jury that by itself Commissioner Hodrick's statement binds the county. It doesn't. But put in the context of during the course of the months where the parties are dealing with each other, put in that context where he says in past tense, we accept it did, that doesn't bind me. But that is evidence that they had already taken actions that did bind me. So we will not argue in trial that they are bound solely by that statement. That's just evidence to go along with their other actions in this case. Counsel cites the O'Malley case. O'Malley can easily be distinguished here. In that instance, there was a statutory requirement saying there has to be a notice and a hearing for an annexation. In this case, there is no statutory requirement. There's no statute that says a county can only have a contract if you do X, Y, and Z. There is no statutory requirement. So that case can be disregarded because it has no relevance here. In fact, none of the cases cited by the defendant involve where there's an admission in the minutes. Counsel argues that his first argument to the court here was that we're asking you to go outside the minutes. I'm not asking this court to go outside the minutes. Although there is evidence outside the minutes, I'm saying to the court what's in the minutes by itself is enough to defeat summary judgment. There is a disputed issue of that. Counsel used the term past evidence. Well, once we start talking about past, now we're weighing evidence. The question for summary judgment isn't, is the best evidence on one side or on the other? It's, is there any evidence? And here there is evidence. It may not be the best evidence. We may lose that trial. But that wasn't for the trial court to rule on in the summary judgment. The only question here, is there any evidence? There is, and the ruling is improper. And there are votes here. Counsel argues that we have no vote we can point to. We can point to the votes where they require my client to do things they could not require in the absence of a contract. Those are votes. Those are in the minutes. Unless the court has other questions, again, we ask the court to reverse the trial court's grant to summary judgment. Send the case back so my client can have his day in court. We thank you. Thank you, counsel. We appreciate the brief arguments of counsel.  Thank you, counsel. Thank you.